IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil No. 24-152 |
| | ) |
| CODY DUNCAN | ) |

**Opinion and Order**

Defendant Cody Duncan is charged in an Indictment, along with seven other defendants, with Conspiracy to Distribute and Possess With Intent To Distribute A Controlled Substance, in violation of 21 U.S.C. § 846.[1] Presently before the Court are the following pretrial motions filed by Mr. Duncan:

- Motion to Produce Evidence which the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 183).
- Motion for Discovery (ECF No. 184).
- Motion to Compel Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony (ECF No. 185).
- Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses (ECF No. 186)
- Motion for Early Disclosure of all Jencks Act Material (ECF No. 187).

The government has filed an Omnibus Response to the Motions, and the Motions are ripe for resolution. ECF No. 204).

**I.  Background**

According to the government, in September 2023, the Federal Bureau of Investigation Greater Pittsburgh Safe Streets Task Force began an investigation into members of the "Zhoove" Gang and its affiliates. Law enforcement believed the "Zhoove" Gang and its

---

[1] All eight Defendants are charged with violating 21 U.S.C. § 846. Defendants Curtis Williams and Antonio Arrington are also charged with one count of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

members and affiliates were part of a drug trafficking organization operating in the Allentown, Beltzhoover, and Knoxville neighborhoods of Pittsburgh, Pennsylvania. The investigation included the use of numerous Title III intercepts. The investigation concluded in July 2024 upon the execution of several search warrants. The Grand Jury returned an Indictment on July 16, 2024. Mr. Duncan was arrested on July 19, 2024.

II.     **Motion to Produce Evidence which the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 183).**

Mr. Duncan seeks to compel the government to provide him with all evidence of prior bad acts and/or impeachment evidence, which the government intends to use in its case-in-chief. Rule 609 is titled "Impeachment by Evidence of a Criminal Conviction," and concerns "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609. Federal Rule of Evidence 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and directs the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
>> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>>
>> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>>
>> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). The United States Court of Appeals for the Third Circuit requires that Rule 404(b) evidence may only be introduced at trial if the government "can demonstrate its admissibility." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). Admissibility of "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose [that is, the evidence is proffered for a non-propensity purpose]; (2) be relevant [pursuant to Rule 402]; (3) satisfy Rule 403 [in that its probative value must not be substantially outweighed by its potential for causing unfair prejudice]; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 240 (3d Cir. 2010).

What constitutes "reasonable notice" of such material depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). There is also precedent for ordering disclosure of such evidence thirty days in advance of trial, when the circumstances and complexity of the case require such earlier disclosure. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa.

2021)². Thus, to determine when disclosure should occur depends on "the circumstances and complexity of the prosecution." *Johnson*, 218 F. Supp. 3d at 462).

Mr. Duncan sets forth a thorough review of the applicable rules and case law with regard to the government's notice and timing obligations pursuant to Rules 403(b) and 609. In its Response, the government states that it has not yet determined whether it will seek to introduce at trial any prior bad acts and/or convictions to be used for impeachment purposes. The government states that it intends to comply with its obligations and provide notice of prior bad acts seven days prior to trial, and notice of any prior conviction to be used for impeachment pursuant to Rule 609(b)'s reasonableness requirement. Govt. Omnibus Resp. 9-10.

Here "the circumstances and complexity of the prosecution" concern a multi-defendant drug conspiracy that has the possibility of numerous exhibits and witnesses, including evidence of multipe Title III intercepts. *Johnson*, 218 F. Supp. 3d at 462. Depending on the nature and amount of Rule 404(b) evidence the government intends to introduce in this multi-defendant case, there is the possibility that multiple Motions in Limine will be filed seeking to challenge the 404(b) evidence. Should the government anticipate that multiple challenges to its anticipated 404(b) evidence may be filed, the government is encouraged to provide such evidence far enough in advance of trial so as to limit the possibility of delay by way of evidentiary hearings or other challenges. At this time, the Court concludes that disclosure of prior bad acts and Rule 609 impeachment materials, twenty-one days prior to trial, will provide sufficient time for the defense to make effective use of the material, and to request an evidentiary hearing prior to trial if necessary.

---

² In *Coles*, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021).

The government opposes a pretrial hearing, citing the need for trial context, and thus the government requests that any such hearing be postponed until trial. However, in that event, trial would come to a halt, for an undetermined time, while the hearing is conducted. Jurors would be left waiting until they are told that the hearing is resolved, and trial can resume. The government's request to delay a potential pretrial evidentiary hearing on Rule 404(b) and Rule 609 evidence in order to establish trial context is, on the present record, not a justification for denying Mr. Duncan's request for a pretrial hearing as to such evidence. While the government carries the burden to demonstrate the admissibility of such evidence there is no indication that the burden is prejudicial if performed prior to trial. Should it appear that the government's prediction that a pretrial evidentiary hearing will waste time, require a mini-trial, and ultimately result in only preliminary rulings, then a hearing may be delayed until trial. Such issues are capable of being addressed prior to the scheduling of an evidentiary hearing.

Accordingly, the Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 will be granted to the extent that the government will be ordered to disclose the relevant material twenty-one days prior to trial.

**III.    Motion for Discovery (ECF No. 184).**

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In

addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule. Fed. R. Crim. P. 16(a)(1)(E). Similarly, when requested by defendant, the government must also permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments. Fed. R. Crim. P. 16(a)(1)(F). Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). In addition, the government remains under a continuing duty to disclose any additional evidence it discovers. Fed. R. Crim. P. 16(c). "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. Proc. 16(a)(2).[3]

Mr. Duncan requests the following material:

a. Any and all documents and materials.

b. All copies of any written or recorded statements made by Mr. Duncan; the substance of any statements, including oral statements and any written summaries thereof, made that the government intends to offer in evidence at trial; any response by Mr. Duncan to interrogation and/or to being given *Miranda* warnings; any written summaries of Mr. Duncan's oral statements, and any other statements given by Mr. Duncan, even if not given to law enfrocement. In addition, he seeks disclosure of any and all coconspirator statements, intended to be introduced at

---

[3] Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

trial and which are attributable to Mr. Duncan under Federal Ruel of Evidence 801(d)(2)(E).

c. All arrest reports, notes, rough notes, records, law enforcement reports, videos transcripts, arresting officer's memos, and dispatch tapes, or other tapes, relating to Mr. Duncan's arrest and questioning. And preservation of law enforcement's rough notes.

d. A copy of Mr. Duncan's prior criminal record, and a copy of any co-defendants/co-conspirator's criminal records.

e. Exculpatory materials and impeachment materials.

f. Evidence seized from any search.

g. The preservation of all videotapes, dispatch tapes, or any other physical evidence relating to the arrest , or events leading to the arrest, of Mr. Duncan.

h. Tangible objects.

i. All relevant information concerning informants or cooperating witnesses.

j. Evidence of bias or motive to lie on the part of any prospective government witness.

k. Impeachment evidence.

l. Any evidence that any prospective witness is under criminal investigation by any law enforcement agency.

m. Any evidence affecting a prospective government witness's perception, recollection, ability to communicate. Or truth-telling.

n. A list of all anticipated or potential government witnesses.

o. Names and addresses of witnesses who are arguably favorable to the defense.

p. Disclosure of any statement that may be relevant to any possible defense or contention Mr. Duncan may assert.

q. Pretrial production of Jencks Act materials.

r. Giglio materials.

s. Request that the government examine personnel files, and other files, for all testifying witnesses, for perjurious conduct, dishonesty, or other information relating to impeachment.

t. Disclosure of identities, qualifications, and testimony of any expert witnesses the government may call at trial.

The government states that it has provided the defense with all Rule 16 required discovery materials in its possession that are material and discoverable at this time, and the government intends to supplement such disclosures as new information is learned. As alluded to by the government in its Response, it is only required to turn over such requested discovery materials "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. Proc. 16(a)(1)(E)(i)-(iii). If, in the opinion of the defense, the government does not turn over certain requested material under Rule 16, Mr. Duncan can seek to compel the government to provide such material if one of Rule 16's bases for production of the material is established. For example, although the government may choose to not use certain evidence in its case-in-chief, a defendant may consider such evidence material to the preparation of his defense. Here, Mr. Duncan does not identify any request for specific material that the government has declined to produce under Rule 16. There is no indication that the government is not complying with its discovery obligations. Accordingly, the Motion for Discovery seeking Rule 16 materials, ECF No. 184, will be denied, without prejudice.

In addition, Mr. Duncan specifically request, in paragraph c, that the Court Order the government to direct relevant law enforcement to retain their rough notes. Said request will be granted.

IV. **Motion for the Disclosure of *Brady/Giglio* Materials (as stated in the Motion for Discovery) and Motion for Early Disclosure of All "Jencks Act" Material (ECF No. 187)**

In his Motion for Discovery, Mr. Duncan also seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and all potential impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972). *See also United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). Finally, Mr. Duncan has filed a separate Motion requesting early disclosure of Jencks Act material.

    A. *Brady/Giglio*

"In *Brady,* the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill,* 976 F.2d 132, 134-35 (3d Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in *Giglo* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under

*Brady*. *See Higgs*, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

There is no indication that the government has not met its obligations under *Brady/Giglio*; and, in its Response, the government acknowledges its continuing obligation to provide Mr. Duncan with exculpatory material, but the government also appears to indicate that thus far, no such material is in its possession. In its Pretrial Scheduling Order, the Court will set a date certain for the government to provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed. Accordingly, the Motion for Disclosure of *Brady/Giglio* Materials will be denied, without prejudice.

### B.   Jencks Act

Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

The statute provides that the government need not provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial. Mr. Duncan seeks production of Jencks Act material thirty days prior to trial. Here, the Court's Pretrial Scheduling Order typically provides that the

"government is encouraged to provide all Jencks Act materials prior to the pretrial conference, or in the alternative, in sufficient time to permit counsel to review such materials so as to eliminate the need for a delay in the trial. The government, aware of the potential delays by holding Jencks material until after a witness is called, states that it intends to provide Jencks Act material sufficiently in advance of the witness testifying so as to avoid delay. Accordingly, the Motion for Early Release of Jencks material will be denied, as premature.

### V. Motion to Compel Government to Disclose Expert Witnesses and the Nature of Expert Witness Testimony (ECF No. 185)

Mr. Duncan requests disclosure of the government's anticipated expert witnesses and related expert materials. Specifically, he avers that the government is likely to use an expert witness to discuss coded language as sent through cell phone applications such as What's App and Signal. The government indicates that it does not yet know what evidence it has that will require expert testimony. The government also refers to the uncertainty, at this juncture, of which Defendants will be going to trial. Fed. R. Crim. Proc. 16(a)(1)(G). Accordingly, the Motion to Compel disclosure of expert witnesses and their testimony will be denied, as premature. If necessary, the Court will set a deadline for pretrial disclosure of such information in its Pretrial Scheduling Order.

### VI. Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses (ECF No. 186)

Mr. Duncan requests disclosure of the names of all witnesses the government has entered into plea bargains with, provided preferential treatment to, or otherwise extended promises to in return for such witness's testimony at trial. He also requests disclosure of the nature and extent of any such plea bargains, preferential treatment, or promises. Other than the government's obligations under *Brady*, *Giglio*, and related law, the government is not required to disclose the

names of any witnesses or any preferential treatment, plea bargains, and promises offered to such witnesses. Rule 16 does not provide for such disclosure, nor does applicable case law. As a general matter, the government is not required to disclose to the defendant a list of its witnesses. The Third Circuit has held that "the [criminal] discovery rules do not permit the defense to get the names of witnesses." *United States v. Mitchell*, 540 F.2d 1163, 1166 (3d Cir. 1977) (citing Fed. R. Crim. Proc. 16 and citing *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1972), In addition, in order to protect some witnesses, other persons, and ongoing investigations, the government may delay disclosure of any sensitive impeachment material to a date that will still permit effective use of the material by the defense.

As to potential informant-witnesses, effective law enforcement and the protection of the public interest require that the government be permitted, absent exigent circumstances, to withhold the identity of informants. *See Roviaro v. United States*, 353 U.S. 53, 60 (1957); *United States v. Cadet,* 727 F.2d 1453, 1469 (9th Cir. 1984) (abuse of discretion to order government to provide statements of witnesses that it did not intend to call at trial). The government's privilege will give way only if the defense can make an adequate showing that disclosure is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61. The defendant bears the burden of setting forth a specific need for disclosure. *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). Mere speculation that disclosure would be helpful is not sufficient to override the government's privilege. *Jiles*, 658 F.2d at 197. Thus, a defendant must make a particularized showing that the informant can provide material evidence that aids the defendant in establishing a specific asserted defense. Absent such an affirmative showing, courts have repeatedly refused to compel the government to disclose an informant's identity. *See, e.g., Pickel*, 746 F.2d at 18. Here, Mr. Duncan has not articulated any

particularized need for the requested disclosures. Pursuant to the foregoing authority, therefore, Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses will be denied, as premature

The government again indicates it is aware of its obligations under *Brady*, *Giglio*, and the Jencks Act, and intends to comply with such obligations, in accord with any pretrial order of this Court. Again, the Court will set a pretrial disclosure date sufficiently in advance of trial in its Pretrial Scheduling Order.

### VII. Conclusion

For the reasons explained above, Mr. Duncan's pretrial Motions are resolved as satetd below.

**ORDER**

AND NOW, this 11th day of February 2025, for the reasons explained above, Cody Duncan's Motions are resolved as follows:

1. The Motion to Produce Evidence which the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 183) is GRANTED to the extent that the government is ordered to disclose the relevant material twenty-one days prior to trial.

2. The Motion for Discovery (ECF No. 184) is DENIED, without prejudice.

3. Mr. Duncan's specific request that the Court Order the government to direct relevant law enforcement to retain their rough notes is GRANTED. The government shall direct law enforcement involved in this case to retain their rough notes.

4. The Motion for Disclosure of *Brady/Giglio* material and Motion for Early Disclosure of all Jencks Act Material (ECF No. 187) are DENIED, without prejudice.

5. Motion to Compel Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony (ECF No. 185) is DENIED, as premature.

6. Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses (ECF No. 186) is DENIED, as premature.

_____
Marilyn J. Horan
United States District Court Judge